# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

————————

No. 23-30891

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jasha Banks,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-220-1

————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

In this sentencing appeal, Jasha Banks raises a single issue: whether the district court erred in failing adequately to pronounce her conditions of supervision. Because it did not, we AFFIRM.

Banks pleaded guilty to possessing a firearm as a convicted felon, possessing fentanyl with intent to distribute, and possessing a firearm in furtherance of a drug-trafficking crime. A Presentence Report was prepared,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30891

which included a list of thirteen standard conditions of supervision and four special conditions. Neither Banks nor the Government filed written objections to the PSR.

The district court held a sentencing hearing. At the start of the hearing, Banks confirmed that she received the PSR and had an opportunity to read it. Her attorney confirmed she had no objections to it. The district court then "adopt[ed] the factual statements contained in the final presentence investigation report and addendum as its findings of fact. The Court further order[ed] that the presentence investigation report and addendum, except as to the probation officer's sentencing recommendations, be made a part of the record in this matter and filed under seal." After reviewing the PSR's sentencing recommendations on the record, the district court "adopted the presentence investigation report as [its] own" and pronounced the offense level and Guidelines range.

The district court sentenced Banks to ten years' imprisonment and three years of supervised release. The district court explained: "While on supervised release, the defendant shall not commit any federal, state, or local crimes, and she shall be prohibited from possessing a firearm, ammunition, destructive device, or any other dangerous weapon. The defendant shall not possess a controlled substance, shall cooperate in the collection of DNA, and *shall comply with all other standard conditions of supervised release.*" It then listed the four special conditions from the PSR.

The district court later entered a written judgment listing the thirteen standard and four special conditions from the PSR.

On appeal, Banks asserts that the district court erred in not orally pronouncing the standard conditions. Specifically, she argues that (1) the district court failed to verify that she had an opportunity to review the PSR

2

with counsel, and (2) the district court never adopted the standard conditions in the PSR.

"When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court." *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022) (quotation omitted). If the defendant had an opportunity to object, we review for plain error; if not, for abuse of discretion. *Id.* "That opportunity exists when the court notifies the defendant at sentencing that conditions are being imposed." *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc).

Banks had multiple opportunities to object to the PSR. She received the written PSR before sentencing and filed no written objections. Then, at the sentencing hearing, she and her counsel confirmed again that she had no objections. The district court also notified Banks before imposing her sentence that supervised release conditions were on the table for two of her counts—and required for the third. Moreover, defense counsel specifically asked for a shorter sentence "with a longer period of supervised release." And the district court plainly stated as part of its sentence that "the defendant shall be placed on supervised release." Given all this discussion of supervised release before and during sentencing, Banks certainly had notice that conditions were being imposed and had an opportunity to object. Plain-error review applies. *See id.*

To prevail on plain-error review, Banks must show (1) an error, (2) that is obvious, (3) that impacted her substantial rights, and (4) that seriously affected the fairness, integrity, or reputation of judicial proceedings. *Id.* at 559.

Without deciding whether the district court's pronouncement of the standard conditions was obvious error, we hold that Banks's appeal fails at

the third prong. She has not shown that any such error affected her substantial rights.

Banks does not explain how any error "affected the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quotation omitted). She never claims she did not review the PSR with her counsel. In fact, counsel stated at sentencing that he visited with Banks "a couple of times" to discuss sentencing—discussions that presumably included the PSR. And she "does not provide any facts or arguments explaining what objections [she] would have made if given the opportunity to review the PSR or how those objections would have affected the outcome of the district court proceedings." *United States v. Becerra-Sandoval*, 790 F. App'x 2, 3 (5th Cir. 2020) (finding no plain error because defendant did not show his substantial rights were affected).

Likewise, Banks fails to show prejudice from any alleged failure by the district court to pronounce the standard conditions or to adopt them explicitly from the PSR. She does not allege that the reference to "standard conditions" was confusing or unclear, nor that the conditions themselves were inappropriate or burdensome.

Having failed to show that any error by the district court affected her substantial rights, Banks cannot prevail on plain-error review. The judgment of the district court is AFFIRMED.